UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON D. PORTER,<br><br>Defendant. | Case No. 19-CR-125-JPS<br><br>**ORDER** |

1. **BACKGROUND**

On October 22, 2020, Defendant filed a motion for compassionate release. (Docket #28). The Government filed a response, (Docket #36), and Defendant did not reply. The Court has reviewed these submissions and will deny Defendant's motion for compassionate release.

2. **FACTS**

In 2018, law enforcement investigated Defendant for drug trafficking and made numerous controlled buys of heroin and fentanyl from him. (Docket #20 at 5). Shortly after an undercover buy in December 2018, officers conducted a traffic stop and arrested Defendant. (*Id.* at 6). During Defendant's arrest, an officer recovered a loaded revolver from Defendant's front right pants pocket and a loaded semiautomatic pistol from the front passenger seat of his vehicle. (*Id.*) Officers also found a black digital scale in the center console, about 1.72 grams of marijuana, $145.00 and $300.00 of prerecorded buy money from the ash tray, $3,238.00 from the front driver's seat, and three phones. (*Id.*) During booking, officers conducted a strip search of Defendant and recovered a large plastic bag containing smaller plastic bags, with approximately 11.92 grams of cocaine base, 19.51 grams

of powder cocaine, 0.25 grams of fentanyl, and three oxycodone hydrochloride pills. (*Id.* at 7).

That same day, officers executed a search warrant at a one-bedroom apartment belonging to Defendant. (*Id.*) Officers found a loaded semiautomatic pistol, as well as 235 grams of a fentanyl mixture, other firearms accessories, ammunition, significant amounts of cocaine and fentanyl, a hydraulic narcotics press, a blender, multiple cutting agents, a large digital scale, an open box of 150 plastic sandwich bags, and a glass measuring bowl with suspected drug residue. (*Id.*) When police searched Defendant's mother's home, they recovered ammunition, packaging materials, magazines, significant amounts of marijuana, $76,082.00, a semiautomatic pistol lying next to matching loaded magazines, a rifle, a loaded pistol, another semiautomatic pistol, an electronic money counter, and a digital scale. (*Id.* at 7–8).

During a *Mirandized* statement, Defendant admitted that the drugs recovered from his apartment belonged to him but denied manufacturing or packaging the drugs. (*Id.* at 8). He admitted that he had been selling drugs for about one to two years. (*Id.*) Defendant discussed the guns and drugs found in his car and on his person, and he stated that he owns a lot of firearms. (*Id.*) He admitted that he carried two firearms all day. (*Id.*) In 2019, while under court-ordered supervision in this case, Defendant was caught selling cocaine and heroin to undercover police officers. (*Id.* at 3). He also tested positive for drug use. (*Id.*)

On September 20, 2019, Defendant was convicted of possession of a controlled substance with intent to distribute and possession of a firearm in furtherance of his drug trafficking. (Docket #23). This Court sentenced him

Page 2 of 9
Case 2:19-cr-00125-JPS   Filed 04/16/21   Page 2 of 9   Document 40

to a total of 156 months' imprisonment, to be followed by a 4-year term of supervised release. (*Id.* at 3–5).

Defendant is a 27-year-old male. (Docket #38-2 at 4). At 75 inches tall and 423 pounds, Defendant has a BMI of 53 and is severely overweight. (*Id.* at 3). He also appears to have a history of prediabetes, (*id.*), and he reports having "problems breathing," (Docket #28 at 2). Defendant is currently detained at Federal Medical Center Rochester ("FMC Rochester") in Rochester, Minnesota. As of April 15, 2021, FMC Rochester reports that two inmates and one staff member have active cases of COVID-19.[1] No deaths have been reported, and 369 inmates and 57 staff have recovered from the virus.[2] Further, FMC Rochester is reporting that 311 of its staff and 286 of its inmates have been *fully* vaccinated.[3] If released, Defendant intends to comply with his terms of supervised release and to self-quarantine for 14 days. (*Id.* at 1).

## 3. LEGAL STANDARD

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

---

[1]Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Apr. 15, 2021).

[2]*Id.*

[3]*Id.*

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

4. ANALYSIS

First, the Government concedes that Defendant exhausted his administrative remedies. (Docket #36 at 3–4); *see Gunn*, 980 F.3d at 1179 ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it.") (internal citations omitted). The Court next determines whether Defendant has an extraordinary and compelling reason warranting his release.

The outbreak of COVID-19, together with a defendant's underlying medical conditions that place the defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason warranting release. *See, e.g.*, *United States v. Gonzales*, Case No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). Defendant suffers from severe obesity which, according to the Centers for Disease Control and Prevention, may increase one's risk for severe illness from COVID-19.[4] Defendant also has prediabetes, which is not on the CDC's list of conditions that put one at increased risk or might put one at increased risk; however, Type 1 and 2 diabetes are on that list.[5]

Despite having at least one condition that puts Defendant at increased risk for severe illness from COVID-19, Defendant is at an institution that is currently experiencing almost no positive cases of the virus (only two inmates and one staff member are reported as active cases). Further, FMC Rochester is reporting that 311 of its staff and 286 of its inmates have been *fully* vaccinated.[6] FMC Rochester appears to be getting the virus under control within its walls, and its high level of staff vaccination offers the promise of reducing the introduction of the virus into the institution. "[F]ederal courts have acknowledged that the deployment of the vaccine by the BOP significantly mitigates the assessment of risk." *United States v. Sims*, No. 90-80492, 2021 WL 872218, at *3 (E.D. Mich. Mar.

---

[4]Ctrs. for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 15, 2021).

[5]*Id.*

[6]Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Apr. 15, 2021).

9, 2021) (determining that a defendant with obesity, type 2 diabetes, and chronic kidney disease who had already recovered from COVID-19 at FMC Rochester had not presented an extraordinary and compelling reason warranting his release); *see also United States v. Collins*, No. 17-20360, 2021 WL 869651, at *5 (E.D. Mich. Mar. 8, 2021) ("The available medical records do not indicate that [the defendant] has himself been vaccinated, but federal courts recently have held that the deployment of the vaccine by the BOP significantly mitigates the assessment of risk."); *United States v. McKay*, No. 1:18-CR-00339-PAC-7, 2021 WL 807108, at *4 (S.D.N.Y. Mar. 3, 2021) ("Moreover, the BOP has begun vaccinating both inmates and staff . . . . And with the BOP committed to vaccinating all prisoners during the upcoming months, . . . [defendant] will eventually receive the vaccine . . . [likely] more quickly in prison than outside of it.") (internal quotation and citation omitted); *United States v. Ervin*, No. 3:14-CR-000195-1, 2021 WL 848690, at *7 (M.D. Tenn. Mar. 5, 2021) ("the vaccination efforts by BOP will likely reduce the risk that Defendant will contract COVID-19 in a BOP facility"). Thus, Defendant has not proffered an extraordinary and compelling reason for his early release.

Next, even if Defendant had an extraordinary and compelling reason warranting his early release, the analysis does not end there. The Court must also consider whether Defendant is a danger to any other person or the community, pursuant to § 3142(g), and whether the § 3553(a) factors militate against his release.

When Defendant was arrested, he was in possession of two loaded firearms, one on his person and the other in his car. (Docket #20 at 5–8). During a search of his home, police located another loaded firearm, and they found four additional firearms, as well as ammunition and loaded

Page 7 of 9
Case 2:19-cr-00125-JPS   Filed 04/16/21   Page 7 of 9   Document 40

magazines, being stored at Defendant's mother's home. (*Id.*) Then, throughout September to December of 2019, Defendant demonstrated his willingness to continue breaking the law, even while under court-ordered supervision. (*Id.* at 3). In those instances, Defendant was caught selling cocaine and heroin to undercover police officers. (*Id.*) He also tested positive for drug use. (*Id.*)

These facts demonstrate that Defendant participated in and facilitated a fentanyl, heroin, and cocaine trafficking operation that endangered the Milwaukee metropolitan area. Defendant's criminal conduct while out on bond in this case and possession of multiple firearms in furtherance of his drug trafficking demonstrate his propensity to pose a danger to the community. Defendant was charged and convicted as a result of his dangerous and ongoing criminal activity—and he has served less than two years of his 156-month sentence. Simply put, the Section 3553(a) factors, including the need for just punishment, deterrence, and protection of the public, weigh heavily in favor of requiring Defendant to serve the entirety of his sentence. The Court will deny Defendant's motion for compassionate release.

### 5. CONCLUSION

Defendant has exhausted his administrative remedies. However, given the very low prevalence of COVID-19 at FMC Rochester and the institution's increasing vaccination rate, Defendant has not proffered an extraordinary and compelling reason warranting his release. Further, even if he had, the Court has determined that the § 3553(a) factors strongly militate against Defendant's release. Therefore, the Court will deny Defendant's motion for compassionate release, (Docket #28). The

Government's motion to seal, (Docket #37), will be granted, and its submission, (Docket #38), will be sealed.

Accordingly,

**IT IS ORDERED** that Defendant's motion for compassionate release (Docket #28) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Government's motion to seal (Docket #37) be and the same is hereby **GRANTED**; the Government's submission (Docket #38) be and the same is hereby **SEALED**.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge